**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

**In re:**                                                                    **CASE NO.**    13-11718

    David L. Gross,

                                                            **JUDGE:**        FOX

            Debtor.

**SECOND AMENDED CHAPTER 13 PLAN**

[  ]    Original        [ X ]    Modified/Notice Required    [  ]    Modified/No Notice Required

Date:    October 21, 2013

THE DEBTOR HAS FILED FOR RELIEF
UNDER CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the Court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the Confirmation Hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any Motion included in it must file a written objection within the time frame stated in the Notice. This Plan may be confirmed and become binding, and included motions granted without further notice or hearing, unless a written objection is filed before the deadline stated in the Notice.

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE TO RECEIVE DISTRIBTUIONS UNDER ANY PLAN THAT MAY BE CONFIRMED, EVEN IF THE PLAN MAKES REFERENCE TO YOUR CLAIM.**

1. **PAYMENT AND LENGTH OF PLAN**
    a. The Debtor has paid to date **$1,865.74** to the Chapter 13 Standing Trustee, and beginning **October 28, 2013**, shall pay **$60.82** for **28 months** for a new amended base of **$3,212.00.**

    b. The Debtor shall make Plan payments to the Trustee from the following sources:

    [ X ]   Future earnings.
    [   ]   Other sources of funding (describe source, amount and date when funds are available).
    [   ]   Sale or refinance of the following assets on or before _____.

2. **PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES)**

    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| PA Department of Revenue | Unsecured | 2157.58 |

3. **SECURED CLAIMS**

    a. **Curing Default and Maintaining Payments**
    The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearage(s) on monthly obligations and the Debtor shall pay directly to the creditor (outside of the Plan) monthly obligations that become due and owing after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| PA Department of Revenue | Personal Taxes | 1,054.42 | | 1,054.42 | As Billed |
| **Bear & Co.** Docket #SC-08-06-03-3571 Judgment Avoided 4/5/13 | Judgment | 5,087.00 | | 5,087.00 | Judgment Avoided 4/5/13 Prorata Distribution Only to this Creditor |

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Carlisle, LP** Docket #090102222 Judgment Avoided 4/5/13 | Judgment | 25,000.00 | | 25,000.00 | Judgment Avoided 4/5/13 Prorata Distribution Only to this Creditor |
| **Terry Pompey, Sr.,** a/k/a, d/b/a: Power of Attorney for Chester and Queen Esther Pompey Docket No. SC-08-08-21-6291 | Judgment | 10,082.00 | | 10,082.00 | Avoidance Judgment Pending Prorata Distribution Only to this Creditor |
| **Estate of Anne Ballinger, POA for Edward Watson** Docket No. SC-08-08-21-6291 | Judgment | 65,388.85 | | 65,388.85 | Avoidance Judgment Pending Prorata Distribution Only to this Creditor |

    **b.   Modification**
        1).   The Debtor values collateral as indicated below.  If the Claim may be modified under §1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated.  The portion of ay allowed claim that exceeds that value shall be treated as an unsecured claim.  If a secured claim is identified as having **"NO VALUE"** it shall be treated as an unsecured claim.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| *Does not include any pro rata distribution on the unsecured portion. ||||||||

        2).   Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

    c.  **Surrender**

    Upon confirmation, the stay is terminated as to surrendered collateral. The debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **LaSalle Bank** Real Estate Sold at Sheriff Sale 8/5/2008; **Possession of Real Estate Taken 5/2013** | 2201 North 53rd Street, a/k/a 5241 Gainor Road, Philadelphia County, Philadelphia, Pennsylvania  19131 | 1.00 | 0.00 |
| City of Philadelphia **Surrender Pending Confirmation** | 2422 W. Harold Street | 42,092.00 | 0.00 – Non-Exempt Proceeds to be Paid Pro-Rata to Unsecured Creditors |

    d.  **Secured Claims Unaffected by the Plan**

    The following secured claims are unaffected by the Plan:
    **N/A**

4.  **UNSECURED CLAIMS**

    a.  **Not separately classified.** Allowed non-priority unsecured claims shall be paid:
      [   ]  Not less than **$**   to be distributed *pro rata*
      [   ]  Not less than    100   Percent for all timely filed claims
      [ X ]  Pro rata distribution from any remaining funds of non-exempt proceeds

    b.  **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **Bear & Co.** Docket #SC-08-06-03-3571 | Avoided Judgment 4/5/13 | Prorata Distribution | Prorata Distribution Only to this Creditor $5,087.00 |
| **Carlisle, LP** Docket # 090102222 | Avoided Judgment 4/5/13 | Prorata Distribution | Prorata Distribution Only to this Creditor $25,000.00 |

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

6. **OTHER PLAN PROVISIONS**

   a. **Vesting Property of the Estate**
   Property of the Estate shall revest in the Debtor:
   [ X ]    Upon Confirmation.
   [   ]    Upon Discharge.

   b. **Payment Notices**
   Creditors and Lessors provided for in Sections 3, 5, or 6 may continue to mail customary notices or coupons to the Debtor, notwithstanding the automatic stay.

   c. **Order of Distribution**
   The Trustee shall pay allowed claims in the following order:

   (1)    Trustee Commissions
   (2)    Administrative
   (3)    Secured
   (4)    Priority
   (5)    Unsecured

Date:    October 21, 2013        /s/Sherri Dicks
                                 SHERRI DICKS
                                 **Attorney for the Debtor**

I hereby certify that the factual statements included in this Plan are true and correct to the best of my knowledge, information and belief. I am aware that if any of the factual statements made by me are willfully false, I am subject to punishment under both federal and state laws.

Date:    October 21, 2013        /s/David L. Gross
                                 DAVID L. GROSS
                                 **Debtor**