IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:David Levaughan Gross<br><br>Debtor | : CHAPTER 13<br>: NO. 13-11718-BIF<br>:<br>: HEARING DATE: 4/2/2013<br>: TIME: 11:00 A.M.<br>: LOCATION: COURT ROOM No. 2<br>  United States Bankruptcy Ct.<br>  900 Market St., 2nd Floor<br>  Philadelphia, PA 19107 |

**ANSWER OF THE EXECUTOR OF THE ESTATE OF ANNE BALLINGER, DECEASED, TO THE MOTION OF THE DEBTOR DAVID LEVAUGHAN <u>GROSS TO AVOID THE JUDICIAL LIEN OF THE ESTATE OF ANNE BALLINGER</u>**

AND NOW comes Steven Haus, appointed Executor of the Estate of Anne Balllinger, Deceased, having been so appointed by the Register of Wills of the City of Philadelphia on March 8, 2013, pursuant to terms of the Last Will and Testament of Anne Ballinger, said Will having been submitted to the Register of Wills of Philadelphia for probate on March 8, 2013, said Anne Ballinger having departed this earth on February 19, 2013, and in response to the Motion of the Debtor to avoid the judicial lien formerly held by the deceased, and now held by the aforementioned Estate of Anne Ballinger, does say and aver as follows:

  1. Admitted.

  2. It is admitted that your Honorable Court has jurisdiction to hear the instant motion. Any other allegation(s) is denied as a conclusion of law.

  3. Denied as a conclusion of law to which no further

response is required.

    4. Admitted.

    5. Admitted only as to the fact that the aforesaid Schedule "A" exists. The contents of said schedule are disputed for the reasons set forth below, and to the extent that the Movant seeks to incorporate said contents, they are denied.

    6. Denied. To the extent that this is an attempt to establish a value for the realty in question, without expert testimony or the testimony of those who prepared the cited document, this is denied. Strict proof, in the form of relevant admissible testimony, is demanded at time of hearing.

    7. Denied. The averments of paragraph 6 are incorporated herein by reference.

    8. Admitted.

    9. It is admitted that an estate has been raised, and responds to this Motion.

    10. Denied. To the extent that these averments attempt to state the contents of a document or record, said document or record must speak for themselves.

    11. Admitted.

    12. Denied as a conclusion of law, to which no further Response is required. By way of further Answer, and without waiving the foregoing, it is denied that a judgment lien must attach to only one item of realty. On the contrary, it attaches to any realty in the county in which the judgment is issued,

which is owned by the Debtor.

13. Denied as a conclusion of law, to which no further response is required. By way of further Answer, and without waiving the foregoing, tt is denied that this is relevant to the instant matter. Under Pennsylvania law a judgment lien may attach upon realty: it does not attach upon personalty unless said personalty is levied upon. No such levy has occured.

14. Denied as a conclusion of law to which no further response is required.

15. Denied. Answering Respondent has insufficient information to confirm the verity of this allegation, and therefore must deny same.

16. Denied. Answering Respondent has insufficient information to confirm the verity of this allegation, and therefore must deny same.

17. Denied. Answering Respondent has insufficient information to confirm the verity of this allegation, and therefore must deny same.

18. It is admitted that proofs of claim may not have been filed for some of the alleged claims listed.

19. Denied. Answering Respondent has insufficient information to confirm the verity of this allegation, and therefore must deny same.

20. Denied as a conclusion of law to which no further response is required.

21. Denied as a conclusion of law or mere prayer for relief, to which no further response is required. By way of further Answer, and without waiving the foregoing, Respondent prays this Honorable Court deny the requested relief of the Movant.

22. Denied as a conclusion of law or mere prayer for relief, to which no further response is required. By way of further Answer, and without waiving the foregoing, Respondent prays this Honorable Court deny the requested relief of the Movant.

WHEREFORE, Respondent prays this Honorable Court DENY the Motion of the Debtor to avoid the lien of the Respondent.

### **AFFIRMATIVE DEFENSES / NEW MATTER**

23. The averments of paragraphs 1 through 22 of this Answer are incorporated herein by reference.

24. *If* Debtor's claims of the value of the realty in question are accurate, then Debtor has no equity in the premises, exclusive of the claim of the Respondent.

25. If the Debtor has no equity, Debtor has no exemption to be impaired by the claim of the Respondent.

26. Since Debtor's motion is based upon a prayer to end an impairment of an exemption, if the prior statements of the Debtor cited above are true, Debtor's Motion has no reasonable basis in fact, and should be dismissed immediately.

WHEREFORE, Respondent prays this Honorable Court DENY

Debtor's Motion to Avoid Judicial Lien.

                                                Respectfully submitted,

                                                /s/ Michael W. Gallagher
Michael W. Gallagher, Esquire
Plymouth Greene Office Campus
1000 Germantown Pike, Ste A-1
Plymouth Meeting, PA 19462
(484)679-1488
(610)365-7919 Fax
Attorney for Respondent